**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSE ARTEAGA,
CDCR #V-29993,

                                    Plaintiff,

            vs.

M. PALMER, R. BUCKEL,

                                    Defendants.

Case No.:  3:25-cv-3498-AJB-AHG

**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 5) AND**

**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)**

On December 8, 2025, Jose Arteaga ("Plaintiff"), a prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). (Doc. Nos. 1; 2.) On January 6, 2026, the Court denied Plaintiff's IFP motion dismissed the action without prejudice because Plaintiff failed to include a copy of his prison certificate or trust account statement with his IFP motion, as required under 28 U.S.C. § 1915(a)(2). (Doc. No. 3.) The Court also notified Plaintiff that to have his case reopened, he must either pay the filing fee or submit a properly supported IFP motion by February 20, 2026. (*Id.* at 3.)

On January 20, 2026, Plaintiff filed a "Request for Fee Waiver" which this Court

construes as a Motion to Proceed IFP. (Doc. No. 5.) For the reasons discussed below, the Court denies Plaintiff's IFP motion and again dismisses the action without prejudice.

## I.    IFP MOTION

As discussed in this Court's previous Order, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], . . . an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v.*

---

[1]    In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023).  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

*Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, Plaintiff's IFP Motion is again incomplete because he has not included a certified copy of his trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. As discussed in this Court's previous Order, without a certified trust account statement, the Court is unable to assess whether any initial partial filing fee may be required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## II.   CONCLUSION AND ORDER

Accordingly, the Court:

(1)   **DENIES** Plaintiff's Motion to Proceed IFP (Doc. No. 5) and **DISMISSES** the action without prejudice. *See* 28 U.S.C. §§ 1915(a) & 1914(a).

(2)   **GRANTS** Plaintiff **forty-five (45) days** from the date this Order to re-open his case by either: (a) prepaying the entire $405 civil filing and administrative fee; or (b) filing a renewed Motion to Proceed IFP, *which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

If Plaintiff chooses *not* to comply with this Order by either paying the $405 civil filing fee and administrative fee in full by or submitting a properly supported IFP Motion within forty-five (45) days, this case will remain dismissed without prejudice and without further order of the Court based on Plaintiff's failure to comply with 28 U.S.C. § 1914(a).

(3)   **DIRECTS** the Clerk to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

**IT IS SO ORDERED.**

Dated:  March 13, 2026

Hon. Anthony J. Battaglia
United States District Judge

3