UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE ARTEAGA,

Plaintiff,

vs.

M. PALMER, R. BUCKEL,

Defendants.

Case No.: 25-cv-03498-AJB-AHG

**ORDER REOPENING CASE AND GRANTING MOTION FOR EXTENSION OF TIME TO PAY THE FILING FEE**

**(Doc. No. 7)**

On December 8, 2025, Plaintiff Jose Arteaga, an inmate proceeding pro se, filed a civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed in Forma Pauperis ("IFP"). On January 6, 2026, the Court denied the IFP motion and dismissed the action because Plaintiff failed to provide a certified copy of his prison trust account statement, as required under 28 U.S.C. § 1914(a)(2). (Doc. No. 3.) The Court gave Plaintiff until February 20, 2026 to have his case reopened by either submitting a properly supported IFP motion or by paying the full $405 filing and administrative fees. (*See id.* at 3.)

Plaintiff filed another IFP motion on January 20, 2026. (Doc. No. 5.) But, again, he failed to provide a copy of his trust account statement. *See id*. As such, on March 13, 2026, the Court denied Plaintiff's second IFP motion and again dismissed the action without

prejudice. (Doc. No. 6.) The Court gave Plaintiff another 45 days, or until April 27, 2026, to either submit a properly supported IFP motion, or pay the $405 filing fee. (*See id.* at 3.) Plaintiff failed to do either by the deadline and the case was closed.

On September 16, 2026, over four months after the deadline passed, Plaintiff filed a "Motion to Reopen Case, Motion for Extension of Time." (Doc. No. 7.) In it, he states he is able to pay the full $405 filing fee and requests an extension of time to do so because, despite his efforts, he has had difficulty getting prison staff to release the funds from his trust account. (*See id.* at 3.) While Plaintiff's request is untimely, because he is an inmate proceeding pro se, the Court **GRANTS** the motion for extension of time (Doc. No. 7), in the interest of justice. As such, the Court **DIRECTS** the Clerk of Court to reopen the case. Plaintiff must submit the filing fee **no later than November 6, 2026**[1] or the case will again be closed.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Hon. Anthony J. Battaglia
United States District Judge

[1] If Plaintiff timely pays the $405 filing and administrative fees, his Complaint will still be subject to preliminary screening pursuant to 28 U.S.C. § 1915A, which requires courts to "dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The required screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g.*, *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000).